| JONES, Judge.
Plaintiffs/appellants, Cartrina and Car-leen Lightell, appeal the judgment of the trial court dismissing their Petition for Damages in a personal injury lawsuit arising in Plaquemines Parish, Louisiana. After reviewing the record, we affirm the judgment of the trial court

FACTS

The undisputed facts of this case are as follows:
On July 21, 1997, Cartrina Lightell, along with her mother, Carleen Lightell, were traveling north on Highway 23 in Belle Chasse, Louisiana in a Nissan Sentra two-door sedan when they were struck in the rear by another motorist, Eric Couvil-lion, who was driving a Chevrolet S-10 Blazer. The collision ensued when Cartri-na Lightell came to a complete stop at a red light near the intersection of Highway 23 and Highway 406. According to the record, Couvillion took his foot off his brakes once he noticed another car to his immediate left move forward. Couvillion’s vehicle moved forward for several feet before striking Lightell. Both | {¡drivers were minors at the time of the collision, and Carleen Lightell was the owner and guest passenger in the Nissan Sentra driven by Cartrina Lightell.
On January 14, 1998, Cartrina Lightell and Carleen Lightell, filed suit against the tortfeasor, Eric Couvillion, the owner of the Couvillion’s vehicle, Marion Couvillion, and Marion Couvillion’s liability insurer, Allstate Insurance Company. Following a bench trial, the trial court dismissed the plaintiffs’ petition. The trial court, in its reasons for judgment, found the plaintiffs’ action following the accident questionable as to whether they sustained a compensa-ble injury from the relatively light impact collision. From this judgment, the plaintiffs appeal.

CAUSATION

In their sole assignment of error, the plaintiffs argue that the trial court erred in *41 not applying the presumption of causation, which would establish that the defendant, Eric Couvillion, caused the collision and their resulting injuries.
In rebuttal, the defendants argue that the trial court was correct in refusing to apply the presumption of causation because the impact, which gave rise to the plaintiffs’ cause of action, was minor. Further, the defendants argue that the plaintiffs failed to adequately substantiate their claim of medical causation since the chiropractor did not testify, but rather submitted his reports on the plaintiffs’ injuries in lieu of his live testimony. Thus, the defendants argue that the trial court’s determination was proper since it was based on the trial court’s evaluation of the plaintiffs’ credibility and the facts surrounding the case. We agree.
In the case sub jvdice, Carleen Lightell testified that she and her daughter, Cartri-na Lightell, were leaving a funeral in Iron-ton, Louisiana and headed north on Belle Chasse Highway (Highway 23) when the defendant, Eric Couvillion, struck |3them in the rear. She testified that they had come to a complete stop due to a red light when the accident occurred. After the collision occurred, she testified that the defendant exited his vehicle and asked if they were all right or needed medical treatment. Carleen Lightell and her daughter agreed to have medical treatment, but when the paramedics arrived they both refused treatment. She further testified that she began feeling “dizzy” and “light-headed” as she was driving home from the accident scene.
Notwithstanding the pain in her neck, Carleen Lightell and her daughter went to seek the advice of an attorney the day after the accident. After meeting with the attorney, they were referred to a chiropractor at a rehabilitation center named Spine Care Plus. Dr. Jerome Malina, the chiropractor who treated both plaintiffs, diagnosed Carleen Lightell with soft-tissue injury to the lumbar & cervical spine and cephalalgia (headache). She was treated from July 24 to December 4,1997, and was subsequently released after obtaining the “maximum medical improvement of her injuries.” [1]
Cartrina Lightell’s testimony basically mimicked her mother’s testimony, regarding the causation of the accident. She did testify that the Nissan Sentra sustained approximately $100 in property damage, but the damage was not visible following the impact. Cartrina Lightell testified that she sustained pain in her upper neck and lower back. The medical report reflects that Dr. Malina diagnosed Cartrina Lightell with cervical acceleration/deceleration syndrome and a soft-tissue injury to the lumbar spine. She was treated from July 24 to November 6, 1997, and testified that she had “completed healed” following the treatments.
|4Eric Couvillion’s testimony corroborated the plaintiffs’ recollection of how the accident occurred. However, Mr. Couvil-lion testified that his vehicle did not sustain any damage and he characterized the accident as minor since he struck the plaintiffs within seconds of lifting his foot off of the accelerator. Additionally, he testified that when he asked the plaintiffs if they needed an ambulance, they responded by asking him if he had insurance.
In his Seasons For Judgment, the trial court declined to apply the presumption that the accident caused the plaintiffs’ injuries because the plaintiffs failed to establish that they were actually injured as a result of the impact from the Couvillion vehicle. The trial court also declined to give any weight to the expert opinions offered by the defense. The defense’s expert opinion described the colli *42 sion as minor and incapable of causing the injuries complained of by the plaintiffs.[2]
In Housley v. Cerise, 579 So.2d 973 (La.1991), a minor who was six months pregnant, fell down a stairway in her parents’ townhouse that her parents were renting from the defendant. The minor fell as a result of a large wet spot on the carpet, which was caused by a leaking air conditioning unit. Shortly after the minor’s fall on the stairway, her placenta ruptured and she underwent an emergency caesarian section four days after her fall.
The trial court in Housley rendered judgment in favor of the plaintiffs (the minor and her parents), but this Court, on appeal, reversed the trial court’s judgment by stating that the plaintiffs failed to establish that the premature birth of |Rthe child was caused by the minor’s fall. The Supreme Court disagreed and stated that a claimant is entitled to the presumption that her injuries resulted from the accident if the claimant was in good health prior to the accident, and following the accident the symptoms of the claimant’s disabling condition appeared and continuously manifested themselves afterwards. Further, the Supreme Court stated that the claimant’s medical evidence must show a causal connection between the accident and disabling condition. See Housley, 579 So.2d at 980.
Unlike the plaintiffs in Housley, the plaintiffs herein did not present evidence that showed a possible connection between the impact and their subsequent injuries. Further, the plaintiffs did not have any prior injuries, complaints, surgeries or problems with their necks or backs prior to the impact. Thus, the trial court declined to give any weight to Dr. Malina’s reports because Dr. Malina was not a medical doctor, and was only referred to the plaintiffs as a result of their seeking legal advise. Additionally, the trial court stated that the reports did not “emphatically indicate a medical opinion that the complaints of the Plaintiffs are related to this accident.”
In Lopez v. Wal-Mart Stores, Inc., 94-2059 (La.App. 4 Cir. 8/13/97), 700 So.2d 215, 219, writ denied 97-2522 (La.12/19/97), 706 So.2d 457, this Court affirmed the judgment of the trial court which found that the plaintiff failed to establish causation by not introducing independent evidence or testimony to substantiate how the incident occurred. We concluded that the weight to be given the testimony of experts depends upon their qualifications and the facts on which they base their opinions. Therefore, the fact finder is free to accept or reject the opinions of the experts concerning the cause of the accident because the trier of fact may evaluate their testimony using the same criteria as it would for lay opinions. Id.; see also Descant v. Administrators of Tulane Educational Fund, 95-2127 (La.App. 4 Cir. 1/21/98), 706 So.2d 618, writ denied 98-0467 (La.4/3/98), 717 So.2d 1131.
Because the plaintiffs herein failed to seek immediate medical attention following the accident, we cannot say that the trial court was clearly wrong or manifestly erroneous in rejecting Dr. Malina’s reports as proof of the Lightells’ injuries. Further, we find that the plaintiffs’ interest in Couvillion’s liability carrier deeply damaged their credibility; therefore, we conclude that the trial court did not abused its discretion in rejecting the plaintiffs’ testimony.

DECREE

For the foregoing reasons, we hereby affirm the judgment of the trial court dis *43 missing the Petition for Damages filed by the plaintiffs, Carleen and Cartrina Ligh-

AFFIRMED.

MURRAY, J., CONCURS WITH REASONS.

. Dr. Malina’s treatment was composed of manipulation, heat packs and electrical cur-renls. '

. The defense admitted into evidence a report from Rimkus Consulting Group, Inc., which stated that the accident was a minor front-to-rear impact which resulted in little to no damage to the vehicles involved in the collision. The report further stated that since the Couvillion vehicle was moving at a speed of 5 miles per hour prior to impact, the injury potential for this type of collision was extremely low. Uncontradicted expert testimony is not binding on the court. See Philip Werlein, Ltd. v. Daniels, 538 So.2d 722 (La.App. 4 Cir. 1989), writ denied 543 So.2d 21 (La.1989).